■ GERARD DESPOSITO, an Infant, by JAMES DEPOSITO, His Guardian ad Litem, et al., Respondents, v. ROMAN CATHOLIC DIOCESE OF BROOKLYN, OUR LADY OF ANGELS, Appellant.— In a negligence action to recover damages for personal injury, loss of services, etc., defendant appeals from a judgment of the Supreme Court, Kings County, entered April 20, 1966, in plaintiffs'

favor upon a jury verdict. Judgment affirmed, without costs. No opinion. Beldock, P. J., Hopkins and Benjamin, JJ., concur; Ughetta and Rabin, JJ., dissent and vote to reverse the judgment and to dismiss the complaint, with the following memorandum: On March 11, 1959, the infant plaintiff, then 12 years old and a student at the school operated by defendant, returned to the school yard at 12:15 P.M. after lunch and became involved in a game of "slap" ball. The game had been in progress for about 20 minutes when the boy, playing first base, attempted to field a ball which was hit to his right. He took one step and fell on a patch of ice, sustaining the injuries for which damages are sought in this action. The patch of ice was about one and one-half feet across and very thin. The infant plaintiff testified that he had observed other patches of ice on the playing area but had not noticed the patch upon which he slipped. He had observed ice patches in the yard the day before the accident and had played the same game on that day. There was a teacher on duty in the school yard to supervise the play of the children but the ball game was not organized by him, nor were the children required to play any games. The teacher testified that he had observed the ball game but did not remember seeing any patches of ice. Plaintiffs have recovered a judgment on the theory that defendant's failure to stop the ball game amounted to negligent supervision and was the proximate cause of this accident. In our opinion, the danger existing from the presence of the ice patches was obvious, even to a 12-year-old, and the infant plaintiff was guilty of contributory negligence as a matter of law in failing to exercise reasonable care for his own safety (*Luftig* v. *Steinhorn,* 21 A D 2d 760, affd. 16 N Y 2d 568; *Cognato* v. *Sicilian Asphalt Paving Co.,* 20 A D 2d 668, affd. 17 N Y 2d 541; *Lobsenz* v. *Rubinstein,* 258 App. Div. 164, 165, affd. 283 N. Y. 600).